**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **KATHLEEN DETMER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 09-1066-GPM |
| | ) |
| **UNITED FEED SCREWS, LTD., and** | ) |
| **CARLISLE CORPORATION,** | ) |
| | ) |
| **Defendant.** | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff filed this negligence and products liability action in state court. With the consent of Defendant Carlisle Corporation (Carlisle), Defendant United Feed Screws, Ltd., (UFS) removed the action under the Court's diversity jurisdiction, 28 U.S.C. § 1332. The Court has reviewed the amended notice of removal (Doc. 16) and the affidavit filed to establish Carlisle's principal place of business (Doc. 18) and finds the allegations sufficient to establish this Court's subject matter jurisdiction.

Plaintiff worked as an assembly line worker at a plant operated by one of Carlisle's subsidiaries. In June 2009, her arm was traumatically amputated when her clothing caught in a six inch mold extruder and she was pulled into the drill bit. Plaintiff asserts products liability and negligence claims against UFS as the manufacturer and distributor of the six inch extruder (Counts I and II, respectively). Plaintiff asserts a negligence claim against Carlisle as the owner of the facility where Plaintiff was injured (Count III). Carlisle filed a motion to dismiss Count III for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Carlisle argues that

Plaintiff's complaint "fails to allege the most basic elements of a negligence claim, and utterly fails to allege any facts in support of its claim" (Doc. 10).

The United States Supreme Court has addressed federal pleading requirements in recent years, *see generally Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Erickson v. Pardus*, 551 U.S. 89 (2007); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), leading the Seventh Circuit Court of Appeals to issue additional guidance to the district courts.

> Our system operates on a notice pleading standard; *Twombly* and its progeny do not change this fact. *Cf. Smith v. Duffey*, 576 F.3d 336, 339-40 (7th Cirl 2009) (noting courts' over reliance on *Twombly*). A defendant is owed "fair notice of what the … claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). Under *Conley*, just as under *Twombly*, it is not enough to give a threadbare recitation of the elements of a claim without factual support.

*Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009). A complaint must contain enough facts to state a claim to relief that is "plausible on its face" – the now familiar phrase originally used in *Twombly* – and "also must state sufficient facts to raise a plaintiff's right to relief above the speculative level." *Bissessur*, 581 F.3d at 602-03. A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "This said, in examining the facts and matching them up with the stated legal claims, we give 'the plaintiff the benefit of imagination, so long as the hypotheses are consistent with the complaint.'" *Bissessur*, 581 F.3d at 602-03. The Court of Appeals, in an opinion by Circuit Judge Wood, summarized this analysis as follows:

> So what do we take away from *Twombly*, *Erickson*, and *Iqbal*? First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements.

*Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  One month later, Circuit Judge Posner explained: "'[d]etermining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009), *quoting Iqbal*, 129 S. Ct. at 1950.

In this case, Plaintiff's negligence claim against Carlisle – as the property owner – is based on Carlisle's failure to provide adequate safeguarding around machinery with exposed moving parts and failure to post adequate safety warning around machinery with exposed moving parts.  The Court finds that Plaintiff's factual allegations are sufficient "to raise a right to relief above the speculative level."  *See Twombly*, 550 U.S. at 555.  In coining this phrase, the Supreme Court "was careful to note that this did not impose a probability requirement on plaintiffs:  'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Brooks*, 578 F.3d at 581, *quoting Twombly*, 550 U.S. at 556.  The facts alleged by Plaintiff allow this Court to draw "the reasonable inference" that Carlisle owed a duty to Plaintiff and is liable for the misconduct alleged.  *See Iqbal*, 129 S. Ct. At 1949.  In other words, Plaintiff's negligence claim against Carlisle is "plausible" – i.e., Plaintiff has alleged "'enough facts to raise a reasonable expectation that discovery will reveal evidence' supporting" Plaintiff's claim that Carlisle was negligent. *Brooks*, 578 F.3d at 581, *quoting Twombly*, 550 U.S. at 556.

For the foregoing reasons, Defendant Carlisle's motion to dismiss (Doc. 9) is **DENIED**.

**IT IS SO ORDERED.**

DATED:  04/05/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge